Argued October 5, 1949.
The defendants were indicted under § 524 of The Penal Code of 1939 that they did "unlawfully exhibit and show a large number [of] . . . obscene, lewd, lascivious, filthy, indecent and disgusting books named [in the indictment]," and offered to sell the same, and did possess the same with intent to sell.
The district attorney[1] agreed that the defendants be tried by the court below without a jury. The books were offered in evidence and the defendants stipulated that they possessed the same for the purpose of sale. The defendants each demurred to the evidence and by an opinion reported in 66 Pa. D. C. 101 the court below sustained the demurrers.
Among the questions involved were the state and federal constitutional provisions as to free speech and free press. Being bound by the factual inferences made by the trial judge, all of which were drawn in favor of the defendants, we are compelled to affirm the respective judgments on the constitutional questions, upon the following excerpts from the opinion of the court below:
"[The law's] scope, however, must be defined with regard to the universal right of free speech [or press], as limited only by some universally valid restriction required by a clear and present danger. For this we must consider the Constitution and the cases lately decided under it." *Page 122 
. . . . . . . . . .
"The Fourteenth Amendment to the Federal Constitution prohibits any State from encroaching upon freedom of speech and freedom of the press to the same extent that the First Amendment prevents the Federal Congress from doing so. [Citing cases]."
. . . . . . . . . .
"I am clear that the books before me are within the protection of the First and Fourteenth Amendments of the Federal Constitution, and of Article 1, Section 7 of the Pennsylvania Constitution. . . . Nor can it be said that they have the effect of inciting to lewdness, or of inciting to any sexual crime, or that they are sexually impure and pornographic, i. e., `dirt for dirt's sake.'"
. . . . . . . . . .
"The power of a state to abridge freedom of speech and of assembly is the exception rather than the rule and the penalizing even of utterances of a defined character must find its justification in a reasonable apprehension of danger to organized government. The judgment of the legislature is not unfettered."
The respective judgments are affirmed.
[1] Act of 1945, P. L. 57, § 1, 19 P. S. § 786.